UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

PATRICK ELLIS COCHRAN, #1600806

    Petitioner,

v.                                                            Civil Action No. 2:20-cv-315

HAROLD W. CLARK, Director,
Virginia Department of Corrections,

    Respondent.

### REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Patrick Ellis Cochran's ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and Respondent Harold W. Clarke's ("Respondent") Motion to Dismiss, ECF No. 17. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 17, be **GRANTED,** and the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

### I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is serving a thirteen-year sentence for abduction and malicious wounding following an attack on December 31, 2014, when Petitioner trapped, bound, and allegedly sexually

assaulted his estranged wife. ECF No. 1 at 1, 19. Later the same day, Petitioner spoke on the phone with Detective Byerson of Fairfax County at some point after police issued a warrant for Petitioner's arrest. *Id.* at 15–16. Petitioner states that he invoked his right to counsel during his multiple conversations with Detective Byerson, and that Detective Byerson recorded the conversations without Petitioner's consent. *Id.* Fairfax County police arrested Petitioner on January 1, 2015, for driving while intoxicated in addition to other charges related to the attack on his wife. *Id.* at 19. Petitioner contends that he suffered a "major concussion" and was briefly "in a coma hospitalized following a catastrophic auto accident."[1] *Id.* at 16. On January 13, 2015, Detective Byerson questioned Petitioner at Stafford without counsel; during this questioning, Petitioner claims he made a statement "saying I had consensual sex with my wife on 12/31/2014." ECF No. 31 at 6; ECF No. 1 at 16. Petitioner's preliminary hearing occurred on September 3, 2015, and a grand jury indicted Petitioner for abduction with intent to defile, rape, and four counts of forcible sodomy on September 21, 2015. ECF No. 1 at 19. On October 2, 2015, Petitioner's counsel, Michael Sprano (hereinafter "Counsel"), agreed to a jury trial starting January 11, 2016. *Id.* at 19–20. During jury deliberations, Commonwealth's attorney Katherine Stott (hereinafter the "Commonwealth") offered a plea to "abduction (striking the Intent to Defile) and Malicious Wounding." ECF No. 19, attach. 7 at 3.F. Petitioner told Counsel he would only agree if the sentence was three years; Counsel advised Petitioner that the Commonwealth would not agree but nevertheless communicated the offer to the Commonwealth, who rejected it. *Id.* Petitioner asserts that Counsel then "went missing for [three] hours" and that the Commonwealth during this time

---

[1] Petitioner and the Supreme Court of Virginia refer in passing to a car accident—presumably Petitioner's driving while intoxicated resulted in a car crash, which in turn lead to his arrest. ECF No. 1 at 15, 21. This incident is only relevant to Petitioner's claims insofar as it allegedly caused Petitioner to suffer a concussion and briefly go into a coma; Petitioner argues that he "should not have been questioned 2 weeks after a major concussion without counsel." *Id.* at 15–16.

2

told Petitioner's mother and sister that she would accept a six-year sentence. ECF No. 1 at 16. An affidavit from Petitioner's mother states that Petitioner's mother and sister "heard [the Commonwealth] offering a 6 year plea to abduction and malicious wounding to drop the rest of the charges . . . the plea was never relayed to [Petitioner]." ECF No. 31 at 18.

The jury found Petitioner guilty on one count of abduction, not guilty on two counts of sodomy, and hung on the remaining charges—one count of rape and two counts of sodomy. ECF No. 19, attach. 2. On April 8, 2016, Petitioner entered an *Alford* plea of guilty to an amended charge of malicious wounding instead of rape and the Commonwealth agreed to *nolle prosequi* the remaining charges. ECF No. 19, attach. 5. The Court sentenced Petitioner to eight years of incarceration for abduction and twenty years of incarceration with fifteen years suspended for malicious wounding. ECF No. 19, attach. 1 at 2.

The Court of Appeals of Virginia denied both of Petitioner's appeals. ECF No. 1 at 17. The Supreme Court of Virginia denied a subsequent appeal and later dismissed a petition for a writ of habeas corpus. ECF No. 1 at 17. Petitioner timely filed the instant petition on June 4, 2020. This Court notes some ambiguities in the record regarding Petitioner's actual claims. In the petition submitted to the Supreme Court of Virginia (the "State Habeas"), Petitioner listed four separate claims: (a) Denied right to a speedy trial; (b) Denied right to counsel; (c) Double jeopardy; and (d) Ineffective assistance of counsel. Brief for Petitioner at 41–42, *Cochran v. Dep't of Corr.*, No. 170562 (Va. Mar. 29, 2019) (state habeas petition denied review by state supreme court). Petitioner asserted that in addition to other alleged failures, Counsel performed deficiently by not making appropriate motions regarding claims (a), (b), and (c). *Id* at 45–47. In the petition submitted to this Court (the "Federal Habeas"), however, Petitioner only filled out Ground One of the petition form, writing "Ineffective Assistance of Counsel." ECF No. 1 at 5. Petitioner's

explanation of supporting facts and law for Ground One lists several separate claims—a double jeopardy violation, an excessive sentence, denied his right to speedy trial, Counsel's failure to suppress statements, denied his right to counsel, police coercion, and Counsel's failure to negotiate a plea agreement. *Id.* at 15–16. Throughout these claims, Petitioner makes arguments specific to the claims themselves as well as the overarching "Ineffective Assistance of Counsel" claim. *Id.* It is thus unclear whether Petitioner intended to confine his claims to a single ground of ineffective assistance of counsel or instead argue several claims *including* ineffective assistance of counsel. Construed liberally and in favor of the Petitioner, the Court will presume that Petitioner intends to make the following claims: (1) Double jeopardy violation; (2) Excessive sentence imposed; (3) Denied right to a speedy trial; (4) Denied right to counsel; (5) Police coercion; and (6) Ineffective assistance of counsel, for the following reasons: (a) Failure to move to dismiss charges on double jeopardy grounds; (b) Failure to ensure Petitioner's right to a speedy trial; (c) Failure to move to suppress statements Petitioner made to detectives while Petitioner was without counsel, recovering from a brain injury, and coerced by police; and (d) Failure to negotiate a plea agreement.

## II. DISCUSSION

A. Exhaustion and Procedural Default

Before turning to the merits, the Court must first determine whether Petitioner properly exhausted his claims in state court and whether Petitioner has procedurally defaulted on any of these claims. As the Fourth Circuit has explained, the procedural default doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32

(1991)); *see also Hedrick v. True*, 443 F.3d 342, 359 (4th Cir. 2006) ("A federal claim is deemed procedurally defaulted where 'a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule.' . . . A federal court cannot review a procedurally defaulted claim unless the prisoner can demonstrate cause and prejudice for the default or a fundamental miscarriage of justice." (quoting *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998)) (internal citations omitted). As the Supreme Court recently observed, "[t]he procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (citing *McCleskey v. Zant*, 499 U.S. 467, 493 (1991)).

Additionally, a petitioner seeking federal habeas relief also procedurally defaults his claims when he "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (quoting *Coleman*, 501 U.S. at 735 n.1). When considering a petition for federal habeas corpus, § 2254(d) mandates that a state court's finding of procedural default be presumed correct, provided that the state court relied explicitly on procedural grounds to deny petitioner relief and that the procedural rule relied on is an independent and adequate state ground for denying relief. *See Ford v. Georgia*, 498 U.S. 411, 423–24 (1991) (explaining that "an adequate and independent state procedural bar to the entertainment of constitutional claims must have been 'firmly established and regularly followed' by the time as of which it is to be applied") (citing *James v. Kentucky*, 466 U.S. 341, 348–51 (1984)).

Absent a showing of cause for the default and prejudice or a fundamental miscarriage of justice (such as actual innocence), this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989); *see also Sparrow v. Dir., Dep't of Corr.*, 439 F.

5

Supp. 2d 584, 588 (E.D. Va. 2006) (explaining that "a petitioner may nonetheless overcome procedural default, and have his claims addressed on the merits, by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review") (citing *Coleman*, 501 U.S. at 750; *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996)). The Fourth Circuit has held that "[t]o establish cause, a petitioner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Hedrick*, 443 F.3d at 366 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)); *see also Davila*, 137 S. Ct. at 2065 ("A factor is external to the defense if it 'cannot fairly be attributed to' the prisoner.") (quoting *Coleman*, 501 U.S. at 753). "This requires a demonstration that 'the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding.'" *Hedrick*, 443 F.3d at 366 (quoting *Roach v. Angelone*, 176 F.3d 210, 222 (4th Cir. 1999)). "Importantly, a court need not consider the issue of prejudice in the absence of cause." *Booker v. Clarke*, 1:15cv781, 2016 WL 4718951, at *5 (E.D. Va. Sept. 8, 2016), *appeal dismissed*, 678 F. App'x 152 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 234, 199 L. Ed. 2d 152 (2017), *reh'g denied*, 138 S. Ct. 538, 199 L. Ed. 2d 414 (2017) (citing *Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996)).

Respondent concedes that Petitioner "raised each of his claims before the Supreme Court of Virginia," but argues that Petitioner procedurally defaulted on Claims (4) and (5) (combined as claim iv in Respondent's brief). ECF No. 19 at 2–3. However, this Court finds that Petitioner procedurally defaulted on additional claims as well. Petitioner claims that: (1) After the trial court declared a mistrial on two charges, any trial would—and consequently Petitioner's guilty plea did—violate the Double Jeopardy Clause; (2) The jury imposed a sentence for eight of ten possible years and the additional five years in the guilty plea were therefore excessive; (3) Petitioner did

6

not receive a speedy trial; (4) Police questioned Petitioner after he invoked his right to counsel, and; (5) Police coerced Petitioner during interrogation.

After addressing each claim in turn, the Supreme Court of Virginia ultimately found that "these non-jurisdictional issues could have been raised at trial and on direct appeal, and thus, are not cognizable in a petition for a writ of habeas corpus". ECF No. 1 at 18, 28–29 (citing *Slayton v. Parrigan*, 215 Va. 27, 29 (1974), *cert. denied*, 419 U.S. 1108 (1975)). *Slayton v. Parrigan* affirmed previous holdings by the Supreme Court of Virginia that under Rule 5:7 of the *Rules of the Supreme Court of Virginia*, "an objection requiring a ruling of the trial court must be made during trial . . . or it will not be noticed upon appeal." 215 Va. at 29. Petitioner could have raised these concerns at trial but did not, and the Supreme Court of Virginia consequently dismissed the claims in accordance with its own rules. Respondent correctly argues that "[b]ecause the state court validly found that the claim was barred because of an independent and adequate state procedural rule, it is likewise barred from review in this Court." ECF No. 19 at 3–4 (citing *Coleman v. Thompson*, 501 U.S. 729–31 (holding that if a petitioner defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred); *Mu'min v. Pruett*, 125 F.3d 192, 196 (4th Cir. 1997) (holding that *Parrigan* is an adequate and independent procedural default rule)). Petitioner has therefore procedurally defaulted on claims one (1) through five (5) and this Court may not reach their merits.

Moreover, Petitioner does not assert nor demonstrate any "objective factor" external to the defense, sufficient to establish cause, that impeded his efforts to present these claims in compliance with the rule. Therefore, Petitioner failed to overcome the procedural default of claims one through five. *Accord Strickler*, 527 U.S. at 283 n.24. As previously mentioned, absent cause, a prejudice analysis is unnecessary. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995) (noting that

7

courts should not consider the issue of prejudice absent cause to avoid the risk of reaching an alternative holding). Further, "in order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." *United States v. Mikalajunas,* 186 F.3d 490, 493 (4th Cir.1999); *Herrera v. Collins,* 506 U.S. 390, 404 (1993) (explaining that a claim of actual innocence is "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits"). Throughout his briefs, Petitioner never claims that he is actually innocent, nor does he claim that the Court's failure to address his claims will result in a "fundamental miscarriage of justice," due to his actual innocence.

Accordingly, the undersigned **FINDS** that Petitioner's claims one through five are procedurally defaulted, and thus, should be dismissed. The remaining claims, regarding the alleged ineffective assistance of counsel, were addressed on the merits in state court. The undersigned will address each of these claims in turn.

B. Ineffective Assistance of Counsel

Habeas relief is warranted only if Petitioner can demonstrate that the adjudication of his claims by the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Thus, federal habeas relief is precluded, so long as "fairminded jurists could disagree" on the correctness of the state court's decision. *Harrington v. Richter,* 562 U.S. 86, 102 (2011). "If this standard is difficult to meet, that is because it was meant to be. As amended by the AEDPA,[2] § 2254(d) stops short of

---

[2] Antiterrorism and Effective Death Penalty Act of 1996.

8

imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Id.* ("It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further."). In other words, "AEDPA prohibits federal habeas relief for any claim adjudicated on the merits in state court, unless one of the exceptions listed in § 2254(d) obtains." *Premo v. Moore*, 562 U.S. 115, 121 (2011).

In *Williams v. Taylor*, the Supreme Court explained that the "exceptions" encapsulated by § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S. 362, 404-05 (2000). A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405-06. This Court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions, but unreasonably applies it to the facts of the particular case. *Id.* at 407-08; *see also Woodford v. Visciotti*, 537 U.S. 19, 27 (2002) ("The federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable."). "The focus of the [unreasonable application] inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

In making this determination under Section 2254(d)(1), the Court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011) ("Section 2254(d)(1) refers, in the past tense, to a state-court adjudication

that 'resulted in' a decision that was contrary to, or 'involved' an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time i.e., the record before the state court."). Thus, it is this Court's obligation to focus "on the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves."[3] *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997); *see also Williams*, 529 U.S. at 412-13 (explaining that the Court independently reviews whether that decision satisfies either standard). Additionally, in undertaking such review, this Court is mindful that "a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Generally, to have been entitled to habeas relief in state court for ineffective assistance of counsel claims under the Sixth Amendment, Petitioner had to show both that (1) his Trial Counsel provided deficient assistance, and (2) that he was prejudiced as a result of Trial Counsel's deficiency. *Strickland*, 446 U.S. at 700 (conceptualizing the inquiry as two required prongs: a deficiency prong and a prejudice prong). First, to establish deficient performance, Petitioner was required to show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688-89 (holding that there is a strong presumption that trial counsel provided reasonable professional assistance). Second, Petitioner was also required to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

---

[3] Pursuant to § 2254(d), the federal court must look to the state court decision that was "adjudicated on the merits in State court proceedings . . . resulting in a decision." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997). In this case, the qualifying state court decision on the merits is the Supreme Court of Virginia's March 5, 2020 Order dismissing and denying Petitioner's state habeas petition. ECF No. 1 at 17–29.

would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 687, 693-94 (holding that counsel's errors must be "so serious as to deprive the defendant of a fair trial," and that a petitioner must "show that the errors had some conceivable effect on the outcome of the proceeding").

The United States Supreme Court summarized the high bar faced by petitioners in federal habeas proceeding where a petitioner's Sixth Amendment ineffective assistance of counsel claims were previously rejected by the state court:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' . . . and when the two apply in tandem, review is 'doubly' so. . . . The *Strickland* standard is a general one, so the range of reasonable applications is substantial. . . . Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Premo*, 562 U.S. at 122-23 (quoting *Harrington*, 562 U.S. at 105); *see also Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) ("Under the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard . . . Mirzayance's ineffective-assistance claim fails.") (citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003) (per curiam)).

### 1. Claim (6)(a): Counsel Failed to Move to Dismiss on Double Jeopardy Grounds

In his first claim, Petitioner:

(a) argues counsel should have moved to dismiss the remaining sodomy charges after the jury found Petitioner not guilty of abduction with intent to defile because "[abduction with intent to defile] is the precursor to the sodomy charge;" and
(b) contends that counsel consequently "corralled [Petitioner] into an Alford Plea netting the 5 more years on my sentence" because he did not know "all the citings on grounds of Double Jeopardy at that time" due to "insufficient access to a law library at that time."

11

ECF No. 1 at 15. In rejecting this claim, the Virginia Supreme Court explained that "[P]etitioner failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate." ECF No. 1 at 18 (citing *Anderson v. Warden*, 222 Va. 511, 516 (1981)). The Supreme Court of Virginia held in *Anderson* that after "the accused positively and without equivocation approved the quality of legal representation he had received" could not "impeach his open-court declarations" because the court "hold[s] that the truth and accuracy of representations made by an accused as to the adequacy of his court-appointed counsel . . . should be considered conclusively established by the trial proceedings, unless the prisoner offers a valid reason why he should be permitted to controvert his prior statements." *Anderson*, 222 Va. at 516. Petitioner in this case has offered no such reason. Furthermore, as Counsel states in his affidavit, a motion to dismiss after the mistrial "would have been completely meritless." ECF No. 19, attach. 7 at H. A mistrial due to a hung jury does not preclude retrial on those charges—retrial becomes a double jeopardy issue after a *final* verdict. *See Richardson v. U.S.*, 468 U.S. 317, 317 (1984); *Blueford v Arkansas*, 566 U.S. 599, 609 (2012). Accordingly, this portion of the claim satisfies neither the "performance" nor the "prejudice" prong of the *Strickland* two-part test, 466 U.S. 687, as Petitioner failed to demonstrate the deficiency of Counsel's performance "or that there is a reasonable probability that, but for Counsel's alleged errors, the result of the proceeding would have been different." Therefore, the undersigned **FINDS** that the Supreme Court of Virginia's rejection of this portion of Petitioner's claim in the state habeas proceeding was neither unreasonable nor contrary to federal law.

  2. *Claim (6)(b): Counsel Failed to Ensure Petitioner's Right to a Speedy Trial*

Petitioner argues that Counsel demonstrated deficient performance by failing to ensure Petitioner received a speedy trial. However, Petitioner's trial commenced within Virginia's speedy

trial window. Virginia Code requires that trial begin "in the circuit court within five months from the date such probable cause was found by the district court," *i.e.*, within five months of the date of a defendant's preliminary hearing. Va. Code 19.2-243. Petitioner's preliminary hearing occurred September 3, 2015, and his trial commenced January 11, 2016. Therefore, as Counsel noted, "there was no speedy trial violation" and a motion to dismiss on such charges would lack merit. ECF No. 19, attach. 7 at 1. Accordingly, this portion of the claim does not satisfy the "performance" prong of the *Strickland* two-part test, 466 U.S. 687, as Petitioner failed to demonstrate the deficiency of Counsel's performance. Notably, the *Strickland* standard is conjunctive, and an ineffective assistance of counsel claim may be disposed of on either prong as "separate and distinct elements." *See Spencer v. Murray*, 18 F.3d 229, 232–33 (4th Cir. 1994). Accordingly, the Court does not proceed to consider prejudice in light of Petitioner's failure to demonstrate performance. Therefore, the undersigned **FINDS** that the Supreme Court of Virginia's rejection of this portion of Petitioner's claim in the state habeas proceeding was neither unreasonable nor contrary to federal law.

> 3. *Claim (6)(c): Counsel Failed to Move to Suppress Petitioner's Statements to Detectives*

Petitioner contends that he first asked for counsel over the phone on December 31, 2014; that detectives recorded the multiple phone conversations with Petitioner on that date; and that the Commonwealth played these recordings at trial. Petitioner argues that "[t]his never should have been allowed," because Petitioner did not consent to his conversations being recorded, Petitioner stated his desire for counsel, and even though Petitioner was not under arrest during these conversations, police issued arrest warrants for Petitioner before the phone conversations took place. ECF No. 1 at 15–16. Petitioner further argues that detectives interrogated Petitioner on January 13, 2015, without counsel present. He contends that he "should not have been questioned

13

2 weeks after a major concussion without counsel" and that the detective "coerced" Petitioner by responding, "why, because that's what you see on TV?" when Petitioner told the detective, "I think I should have a lawyer." *Id.* at 16. Petitioner goes on to explain that the "whole issue here is the one statement I made saying I had consensual sex with my wife," because the DNA sample "showed no evidence of this" and therefore without the statement "[t]he only evidence then would have been for abduction and simple assault, likely resulting in a plea." *Id.* Petitioner contends that "[Counsel] even stated to me that [that statement] made a difference in the proceedings." *Id.* Petitioner's arguments satisfy neither the "performance" nor the "prejudice" prong of the two-part *Strickland* test. Thus, the undersigned **FINDS** that the Supreme Court of Virginia's rejection of this portion of Petitioner's claim in the state habeas proceeding was neither unreasonable nor contrary to federal law.

a. Recording

Petitioner argues that police recorded him without his consent, and therefore that Counsel should have moved to suppress Petitioner's recorded statements. However, Petitioner's consent has no bearing on this issue—Virginia law does not require the consent to record a conversation from all parties to that conversation. *See* Va. Code. 19.2-62 ("It shall not be a criminal offense under this chapter for a person to intercept a wire, electronic or oral communication, where such person is a party to the communication . . . ."). It was therefore not unlawful for the detective, as a party to his conversation with Petitioner, to record that conversation. *Joyner v. Dir. of the Va. Dep't of Corr.*, 2008 WL 2465121, at *15 (W.D. Va. 2008). Counsel thus could have determined that a motion to suppress the recordings due to lack of consent would lack merit. Accordingly, this portion of the claim does not satisfy the "performance" prong of the *Strickland* two-part test, 466 U.S. 687, as petitioner failed to demonstrate the deficiency of Counsel's performance.

b. Right to Counsel

Petitioner argues that Counsel failed to move to suppress statements Petitioner made to detectives on two different days—December 31, 2014, and January 13, 2015—and on both occasions after Petitioner invoked his right to counsel. However, "[t]he record, including the trial transcript, demonstrates the Commonwealth did not seek to admit evidence of petitioner's [January 13, 2015] statements," *i.e.*, Counsel had no reason to move to suppress the statements from January 13, 2015. ECF No. 1 at 21. Petitioner therefore fails to demonstrate any deficiency in Counsel's performance regarding the statements of January 13, 2015.

Although the Commonwealth did introduce recordings from the phone conversations of December 31, 2014, the record "demonstrates petitioner was not in custody at the time of his conversations with the detective, nor had he been arrested or subjected to any criminal process." ECF No. 1 at 20. In the Federal Habeas, Petitioner acknowledges this but points to the fact that "warrants were already issued" when he spoke with the detective. ECF No. 1 at 16. However, issuing an arrest warrant does not trigger the right to counsel; rather, "[t]he right to counsel . . . exists at the start of adversary[ial] judicial criminal proceedings." *Powell v. Warden of Susex I State Prison*, 2005 WL 2980756, at *5-6 (Va. Nov. 8, 2005) (holding that habeas petitioner's "right to counsel had attached because formal criminal proceedings had been initiated against him when a magistrate had issued a warrant for his arrest. . . . satisfie[d] neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in *Strickland*"). *See also United States v. Gouveia*, 467 U.S. 180, 189 (1984). Counsel thus could have determined that a motion to suppress Petitioner's statements from December 31, 2014, would lack merit. Accordingly, this portion of the claim satisfies neither the "performance" nor the "prejudice" prong of the *Strickland* two-part test, 466 U.S. 687, as petitioner failed to demonstrate the deficiency of Counsel's performance "or

that there is a reasonable probability that, but for [C]ounsel's alleged errors, the result of the proceeding would have been different." Therefore, the undersigned **FINDS** that the Supreme Court of Virginia's rejection of this portion of Petitioner's claim in the state habeas proceeding was neither unreasonable nor contrary to federal law.

### 4. Claim (6)(d): Counsel Failed to Negotiate a Plea Agreement

Finally, Petitioner argues that Counsel failed to negotiate a plea. According to Petitioner, he did not receive any plea offers until the last day of trial, during jury deliberations. At that time, Petitioner claims Counsel brought him a single offer from the Commonwealth, assumed without asking that the Commonwealth would not accept Petitioner's proposal of a three-year cap, and disappeared for several hours. Petitioner also believes that the Commonwealth proposed or discussed a six-year plea, but that Counsel's disappearance prevented him from communicating such an offer to Petitioner.

The record—including an affidavit from Counsel—indicates that Counsel did discuss plea options with the Commonwealth. Counsel states that he "communicated all plea offers from the Commonwealth to [Petitioner], and all of his counteroffers to the Commonwealth," including Petitioner's three-year cap proposal, which the Commonwealth rejected. ECF No. 19, attach. 7 at I. Counsel explains that he asked the Commonwealth about the supposed offer to Petitioner's mother and sister, and that not only did the Commonwealth deny making any such offer, but also the Commonwealth "had both my email and my cell phone, and would not have had any difficulty contacting me at any time if there was anything to discuss." *Id.* The Virginia Supreme Court also highlighted that Petitioner "does not claim he would have accepted the purported offer had he had the opportunity to do so," explaining that under *Missouri v. Frye*, a defendant may prove ineffective assistance of counsel by showing that counsel's error caused the loss of a plea offer *and* without such error, "there is a reasonable probability defendant would have accepted the

16

offer." ECF No. 1 at 25 (citing 566 U.S. 134, 147 (2012)). The Virginia Supreme Court accordingly held that this claim met neither the "performance" nor the "prejudice" prong of the two-part *Strickland* test.

In his reply, Petitioner now contends that he "would easily have accepted 6 to 8 [years]." ECF No. 31 at 8. However, this claim is not persuasive. This claim appears for the first time in Petitioner's most recent filing, only after the Virginia Supreme Court invoked *Frye*, and not only lacks support but is also contradicted by statements from both Counsel and Petitioner saying that Petitioner pushed for a three-year cap at the conclusion of his trial. Additionally, in the Federal Habeas Petition, Petitioner states that "the prosecutor even spoke to my mother and sister saying [the Commonwealth] would accept 6 years." ECF No. 1 at 16. However, in his Reply Petitioner includes an affidavit from his mother, which claims:

> after lunch my daughter and I sat on the benches outside the courtroom. Mr. Sprano (defense lawyer) and Ms. Stott (prosecutor) were talking freely on adjacent benches. My daughter and I heard Ms. Stott offering a 6 year plea to abduction and Malicious wounding to drop the rest of the charges.

ECF No. 31 at 18. Petitioner thus offers contradictory accounts with no support for either version in the record. This portion of the claim satisfies neither the "performance" nor the "prejudice" prong of the *Strickland* two-part test, 466 U.S. 687, as petitioner failed to demonstrate the deficiency of Counsel's performance "or that there is a reasonable probability that, but for [C]ounsel's alleged errors, the result of the proceeding would have been different." Accordingly, the undersigned **FINDS** that the Supreme Court of Virginia's rejection of this portion of Petitioner's claim in the state habeas proceeding was neither unreasonable nor contrary to federal law. The Court therefore finds that Petitioner's claims lack merit and should be **DISMISSED**.

## III. **RECOMMENDATION**

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 17, be **GRANTED,** and the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## IV. **REVIEW PROCEDURE**

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party. *See* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure 6(a), plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1954).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to Counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

LAWRENCE R. LEONARD
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
June 29, 2021